{¶ 54} The stop of the car in this case was unconstitutionally prolonged, unless the record shows the detaining officer had, under the totality of the circumstances, a reasonable and articulable suspicion to suspect further criminal activity, beyond the original traffic stop, justifying waiting for the dog team. Cf. Batchili at ¶ 15-17. I would hold he did not.
 {¶ 55} Officer Bilicic adduced three reasons for believing further criminal activity was afoot. Mr. Sherrod, the driver, seemed nervous. He had trouble identifying at least one of his passengers. The car contained multiple air fresheners.
 {¶ 56} These reasons are simply insufficient to create a reasonable and articulable suspicion of criminal activity. On cross examination, Officer Bilicic admitted that about one half of drivers are nervous during a traffic stop. And in State v. Henderson, 11th Dist. No. 2006-L-110, 2007-Ohio-2315, this court recently held the mere presence of air fresheners and other heavy scents in an automobile is insufficient to support a reasonable and articulable suspicion of criminal activity, even when combined with other indicia of potential drug-related activity.[1]
 {¶ 57} The only remaining reason for suspecting further criminal activity was Mr. Sherrod's difficulty identifying at least one of his passengers. This was not a reasonable and articulable suspicion. The motion to suppress should have been granted.
 {¶ 58} Finding the first assignment of error with merit, I would hold the second to be moot. *Page 18 
 {¶ 59} I respectfully dissent.
[1] Appellant in that case had a history of prior drug use; an outstanding protection order against him; was unemployed, while driving a late model luxury car filled with air fresheners; carried multiple cell phones; and, wore heavy cologne. *Page 1